UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GARDEN MEADOW, INC., | Case No. 2:13-cv-01722-APG-GWF |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** |
| v. | |
| BEL AIR LIGHTING, INC. and DOES 1 through 99, | (Dkt. No. 21) |
| Defendants. | |

## I. BACKGROUND

The parties are familiar with the factual and procedural background of this case, but I provide a brief recitation of the relevant facts for purposes of this Order. This case arises from the sale of solar garden statues (the "Products") by defendant Bel Air Lighting, Inc. ("Bel Air"), which plaintiff Garden Meadow, Inc. ("Garden Meadow") claims infringe its copyrights and trademarks.[1] Bel Air is incorporated in California and has its principal place of business in Valencia, California.[2] Garden Meadow is incorporated in Connecticut and has its principal place of business in Milford, Connecticut.[3] From 2006 to 2013, Bel Air maintained a commercial space (the "Space") in the World Market Center in Las Vegas, Nevada, which it used to participate in biannual lighting industry trade shows.[4] Bel Air employed a Nevada resident part-time to work in

---

[1] (Compl. ¶1, Dkt. No. 1.)

[2] (*Id.* ¶ 5.)

[3] (*Id.* ¶ 4.)

[4] (Def.'s Mot. Transfer at 3, Dkt. No. 21.)

the Space during those trade shows.[5] In January 2013, Bel Air permanently vacated the Space and released its part-time employee.[6]

Except for the Space and the part-time employee, Bel Air has no other apparent contacts with the state of Nevada. It has no other employees or representatives living or working in the state, nor any offices or stores in the state. Bel Air conducts its product development, design, marketing, order initiation, billing, and documentation in Valencia, California, and manufactures its products overseas.[7] Bel Air has moved to transfer the venue of this lawsuit to the Central District of California for convenience and the interests of justice (under 28 U.S.C. § 1404(a)) and for lack of personal jurisdiction (under 28 U.S.C. §§ 1406(a) and 1631). For the following reasons, I grant that motion.

## II. ANALYSIS

### A. Transfer of Venue Under 28 U.S.C. § 1404(a)

"[W]here subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course."[8] 28 U.S.C. § 1404(a) states: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404(a) is the statutory codification of the *forum non conveniens* doctrine. If the § 1404(a) analysis weighs heavily in favor of transfer, I need not reach the jurisdictional arguments set forth in Bel Air's motion.[9] The transferee venue, the U.S. District Court for the Central District of California, has personal jurisdiction over Bel Air because Bel Air is

---

[5] (*Id.*)
[6] (*Id.*)
[7] (*Id.*)
[8] *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007).
[9] *Id.*

incorporated in California and has its principal place of business in California.[10]  Further, under the analysis set forth below, the Central District of California is clearly the more convenient forum for this action.

In interpreting § 1404(a), the Ninth Circuit looks to a group of flexible factors to determine convenience.[11]  Recently, in *Jones v. GNC Franchising*, the court articulated the following non-exhaustive list of factors.[12]  First is the location where relevant agreements were negotiated and executed.[13]  Because there is no negotiated or executed agreement at issue here, this factor is irrelevant.  Second is whether the chosen state is more familiar with the governing law.[14]  Because this case involves federal copyright law and the federal Lanham Act, I and judges in the Central District of California should be equally familiar with the governing law; therefore, this issue is neutral.  The third factor is the plaintiff's choice of forum.[16]  While the plaintiff's choice of forum is typically accorded substantial deference, that choice should be accorded substantially less deference when the forum is not the plaintiff's home forum.[17]  In the present case, Garden Meadow chose the District of Nevada rather than its home forum in Connecticut.  I therefore accord that choice little deference.  While this factor may weigh slightly toward allowing the case to remain in the District of Nevada, that weight is not substantial.

The fourth factor is whether the parties have significant contacts with the forum generally.[18]  Bel Air's only alleged contact with Nevada is the Space in the World Market Center and its single, part-time employee who used to work there.  Bel Air is incorporated in, and has its

---

[10] *J. McIntyre Machinery, LTD., v. Nicastro*, 131 S.Ct. 2780, 2789 (2011).

[11] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

[12] *Id.*

[13] *Id.* at 498.

[14] *Id.*

[16] *Id.*

[17] *Weyerhaeuser NR Co. v. Robert Bosch Tool Corp.*, 2:11-cv-01793, 2012 WL 366967 at *3 (D. Nev. 2012); *Robert Bosch LLC v. Corea Autoparts Producing Corp.*, 2:10-cv-01924, 2011 WL 407466 at *3 (D. Nev. 2011); *Miracle Blade, LLC. v. Ebrands Commerce Group, LLC.*, 207 F. Supp. 2d 1136, 1155 (D. Nev. 2002).

[18] *Jones*, 211 F.3d at 498

principal place of business in, California. Garden Meadow has no apparent contact with Nevada; it is incorporated in, and has its principal place of business in, Connecticut. Given the absence of any meaningful contacts with Nevada, this factor favors transfer. The fifth factor is whether the parties have contacts in the chosen forum related to the cause of action.[19] The allegedly infringing Products were exclusive to a third-party customer: Lowe's.[20] Because of this, Bel Air did not and could not display the Products at its biannual shows at the World Market Center.[21] Bel Air never sold, advertised, showed, or shipped the Products within the state of Nevada, and all business relating to those allegedly infringing Products (including their design) was conducted in California. Thus, this factor heavily favors transfer. The next factor is the difference in litigation costs between the fora.[22] For Bel Air, it is clearly less costly to litigate in the Central District of California, especially with regard to travel expenses for its own witnesses and possible third-party witnesses. For Garden Meadow, the difference in price is negligible, as it must travel across the country either way. On balance, therefore, litigation will be less costly in the Central District of California, which favors transfer.

The seventh factor is "the availability of compulsory process to compel attendance of unwilling non-party witnesses."[23] Bel Air names the designer of the Products (who is based in California) as a third-party witness.[24] The Central District of California would have subpoena power to compel the designer's testimony in hearings, depositions and at trial.[25] Neither party has identified any third-party witnesses located in Nevada, though Garden Meadow speculates that

---

[19] *Id.*

[20] (Pl.'s Resp. at 2, Dkt. No. 24.)

[21] (Def.'s Reply at 5, Dkt. No. 28.)

[22] *Jones*, 211 F.3d at 498–99.

[23] *Id.* at 499.

[24] (Def.'s Mot. to Transfer at 17.)

[25] Fed. R. Civ. P. 45(c)(1) (The scope of a district court's subpoena power for trial, hearing, or deposition is within (A) 100 miles of the witness's home or place of employment, or (B) the witness's home state.). Obviously the District of Nevada has similar subpoena power, but it is unknown whether the designer lives or works within 100 miles of Nevada.

there may be witnesses here regarding Bel Air's activity in the World Market Center.[26] On balance, then, considering the availability of compulsory process between the two proposed fora, this factor slightly favors transfer to the Central District of California for ease and efficacy of process.

The final *Jones* factor is the ease of access to sources of proof.[27] Bel Air claims that all evidence related to its business practices, as well as to employee witnesses and third-party witnesses, are in California, and that almost no evidence exists in Nevada.[28] Garden Meadow argues that evidence may arise from other lawsuits in the District of Nevada. These lawsuits between Garden Meadow and Ningbo Xingqiang Metallic Products Co., Ltd. have already been resolved, however.[29] Because the majority of the evidence is located in California, this factor weighs toward transfer.

In sum, the *Jones* factors support transferring the case to the Central District of California.

**B.      Transfer for Lack of Jurisdiction Under 28 U.S.C. § 1631 and for Improper Venue Under 28 U.S.C. § 1406(a)**

Given the foregoing, I need not address the parties' arguments under § 1631 regarding lack of personal jurisdiction.[30] The Supreme Court has held that jurisdictional analysis is unnecessary where, as here, the convenience factors weigh heavily toward transfer and the jurisdictional issues are complex and unclear.[31] Similarly, there is no need to consider whether venue is proper with regard to jurisdition under § 1406(a).

---

[26] (Pl.'s Resp. at 9.)

[27] *Jones*, 211 F.3d at 499.

[28] (Def.'s Mot. to Transfer at 17.)

[29] *Cooper v. Ningbo Xingqiang Metallic Products Co., LTD.*, No. 2:11-cv-00745-RLH-CHW, Dkt. No. 24 (D. Nev. Sep. 2, 2011); *Sandy Cooper v. Ningbo Xingqiang Metallic Products Co., LTD.*, No. 2:11-cv-00698, Dkt. No. 24 (D. Nev. Mar. 28, 2013) (default judgments entered against the defendant Ningbo).

[30] *Sinochem*, 549 U.S. 422 at 436; *Carijano v. Occidental Petroleum Corp.*, 686 F.3d 1027, 1030 (9th Cir. 2012) (noting that the mechanism for dismissal in *Sinochem* was meant to function "where [jurisdiction] is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal").

[31] *Sinochem*, 549 U.S. at 436.

### III. CONCLUSION

For the reasons set forth above, this case is transferred to the United States District Court for the Central District of California.

Dated this 6th day of June, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE